Michael Drake for Arthur Torres. There's really no controversy here at this point, your honors. The parties both agree that the outcome here is controlled by the court's decisions in Wentzell v. Navin and Gonzales v. Sherman, and that under those cases the district court's dismissal of Arthur Torres' 2254 petition as second or successive needs to be reversed. In Gonzales, the court held that a federal habeas petition first to challenge a new intervening state court judgment that corrects petitioners' pre-sentence custody credits, quote, cannot be second or successive, unquote. It's undisputed that the new judgment corrects Torres' custody credits and that petition is the first to challenge that new judgment. So I think that's really all there is to it. I'm happy to answer any other questions that you might have or I'm equally happy to reserve the rest of my time and let you talk to my friend on the other side. Mr. Drake, I do have one question for you, sir. I note that the state in the red brief made the suggestion that perhaps this case should be stayed in light of the pending state proceedings by Mr. Torres in California. It wasn't clear to me whether the suggestion was that it should be stayed at our level here at the Ninth Circuit or at the district court on remand. I was wondering if you had any views on that and also if you could update us on the status of any of the California state proceedings. Yes, your honor. So on the stay, I think the appropriate level would be at the district court. I'm not sure stay is this case, but the district court would be where that would be the right place to make the decision. My client's case is still pending review, pending argument in another, in a related California Supreme Court case, which is, the argument in that case is calendar for later this month. So we're still waiting. Thank you, Mr. Drake. And Mr. Drake, a follow-up question to that. So if we were to do what you say and which state agrees with, we do need to reverse and send it back to the district court. I take it that the state before the district court could make its stay argument there, and if you want to oppose it or not, but that can all be done at the district court. We would not need to do anything to effectuate what the state is requesting, from your perspective. I don't think so, your honor. I think a basic remand, I think we can hash it all out in the district court. Well, you know, I'm not sure. I think those are the questions I think we were curious about, kind of procedurally here. Sorry you're all dressed up, but Judge Lee, do you have any questions on this one? No. Okay, well, you're going to reserve 70% of your time, it sounds like. Excellent, that's my record. All right, Ms. Brennan, you have the floor. Good morning, your honor. Good morning, Deputy Attorney General Stephanie Brennan on behalf of the appellee, the warden. I recognize that I lose this case under Gonzales and Wentzel, and I recognize that this panel cannot overturn those panel decisions, but I ask that this court issue a published opinion similar to the concurrence of Scott, basically saying that the outcome here is really contrary to EDPA's scheme. And I ask this court just to go a step further and to urge en banc review of this case so that those cases, Gonzales and Wentzel, can be reconsidered because they were wrongly decided. You know, in California, the state courts were able to correct custody credits non-protunct, and Gonzales, a panel of this court, said that that was rejected that view, basically, and said it was a new judgment. And under Wentzel, now it allows petitioners to, you know, launch fresh attacks on their old convictions, on the undisturbed portion of the judgment. And we believe that that is wrong, both it's contrary to EDPA's scheme of what the SOS provision was designed to do, and it's contrary really to what Magwood says about emphasizing new errors. So, yes, I recognize that we are bound by both Gonzales and Wentzel, but I urge this court strongly to consider suggesting en banc review in this matter. Again, here's a situation where the petitioner, with his two decades old conviction, is now going to 2005. This is not what EDPA was designed to do, and this is certainly not what the Supreme Court envisioned in Magwood. So, we ask that this court consider issuing a published opinion suggesting en banc review. Ms. Brim, I just want to say, although I commend you for a very clear, very excellent brief. It made it very easy to follow everything. I mean, isn't it the case that besides this circuit, five other circuits follow the unitary approach, and only three circuits follow the component-based approach? And couldn't that split be something for the Supreme Court? Exactly, Your Honor. And this is actually sort of, I think, the perfect case for the Supreme Court to consider that. It's been a case that I've been looking for since, because I argued Gonzales as well, since that time. So, I've been looking for it, and I think that this actually would be a perfect vehicle for that. Again, the only possible wrinkle is the pending state proceedings having to do with two of his felony murder convictions. But I think, again, this is a perfect vehicle for that. Well, whether we go published or memorandum disposition, either way, you could seek your certiorari, couldn't you? But the published opinion would be much more helpful. It carries a lot more weight, Your Honor. So, we would greatly appreciate that. Again, a situation this man is serving three LWOP sentences, and has one day of custody credit correction. And again, it was a situation where the trial judge at the time was saying, I want to give him actual time. And they calculated it as 549 days. Again, this is 2001, before there were iPhones, even. So, trying to do that calculation, we understand, is different than it is now. And California says, you know, this type of thing is a mathematical, a clerical error. In another panel, this court decided it differently. And we would just urge the opportunity to have the entire en banc court consider that. All right. Any other questions for my colleagues? All right. Thank you very much, Ms. Brennan. Thank you. Mr. Drake. Your Honor, it's a little like Churchill's maelstrom. The only thing that's more anomalous than the approach taken under the Magwood rule are all the other approaches that have been used. And so, the majority does a really nice job of showing why none of these other proposals work. I don't think the warden has actually made a specific proposal about how the rule should be cast. In any event, it doesn't come close to meeting the criteria for en banc reconsideration. This rule promotes uniformity in the circuit, because it's a simple rule. There's no need for novel or ad hoc rationalizations with every new judgment that has to be reviewed. The issue really is relatively unimportant, because for the reasons that the Magwood opinion sets out, right? The gatekeeping provisions for under procedural default and the fact that legal issues will have already been addressed make it any additional burden, whatever the bandwidth of it is, we don't really know. It doesn't seem like this happens in many cases. It doesn't seem likely to happen in many cases. Those issues will be easy to address. And then, you know, most of all, if you are going to follow Judge Kristen's approach, well, Judge Kristen said this is an issue best left to the Supreme Court. And she's right, because it is the rule that Magwood requires. So, I think that's all I have to say in response to that. Do you have any other further questions, Your Honor? No. Thank you. Well, no, I don't think, it doesn't look like we do. I want to thank you both for your briefing and advocacy. Ms. Brennan, I do appreciate the fact that you conceded. You still made your points, and that's always, as a former government lawyer, I always appreciate. Sometimes you just got to step up and say what happened, and you did that. You still advocated very well, and we got your position. So, thank you both for your argument in this case. All right, this matter is submitted. We'll move on to the next one. I believe it's one of Mr. Drake's colleagues is going to be stepping up here. Mr. Laughlin.
judges: Owens, Simon, Lee